Paine *v.* Hunt.

———————•●•———————

## HARRIET PAINE *vs.* WILLIAM HUNT.

The defendant, being indebted to H. his mother, gave her his promissory note for the amount, payable to the plaintiff, and the same was by the direction of H. given to the plaintiff as a gift to her, and as her separate property; she being at the time a married woman. *Held,* that the plaintiff could maintain an action upon the note, in her own name, alone; and that in such action counter-claims against her husband could not be allowed.

THIS was an action upon a promissory note for $300, made by the defendant on the 9th of February, 1856, payable to the plaintiff, two years after date, with interest.

The plaintiff was a married woman, at the date of the note, the wife of Daniel Paine, with whom she then lived. The complaint alleged the execution and delivery of the note to, and an express promise therein to pay to, the plaintiff. It also alleged that she was the lawful owner and holder thereof. The action was referred to a referee, who found the facts substantially as stated in the opinion of the court. His conclusions of law were as follows : That the plaintiff was entitled to maintain this action in her own name ; that conceding it to be true, as testified by the defendant, that he interceded with his mother to induce her to give the note in question to the plaintiff, at her solicitation, and on her promise to allow the demands set up as counter-claims, by the defendant, in his answer, such counter-claims could not be enforced in this action. And the referee found there was due from the defendant to the plaintiff the sum of $252.47 ; for which amount judgment was directed to be entered. The defendant appealed.

*A. J. Wilkin,* for the appellant.

*D. C. Hyde,* for the respondent.

*By the Court,* WELLES, J. The referee has found that the note in question was given by the defendant for a debt due from him to his mother, Sally Hunt, who was the grandmother of the plaintiff, and that by the direction of said Sally Hunt it was made payable, and on the day of its date was delivered, to the plaintiff, not, as insisted by the counsel of the defendant, in payment of a debt due to the plaintiff for services rendered, but as a gift to her and as her separate property. The evidence on these questions was voluminous and conflicting, but there was enough to justify the findings. That settles the question — all the counter-claims claimed to have been proved, were, in judgment of law against the plaintiff's husband, Daniel R. Paine, only, and cannot be

Paine *v.* Hunt.

allowed in an action by his wife to enforce a demand due her as her separate property. The defendant confessedly owed this money to his mother, who has given her claim to it to the plaintiff. No injustice is done to the defendant by requiring him to pay it to the plaintiff. He is in no worse condition than he would have been in if the gift had not been made, in which case he would have been obliged to pay it to his mother, or to her representatives.

None of the alleged counter-claims accrued on the faith of the gift to the plaintiff. She could not by any promise make herself legally responsible for any part of them. All that can be said is that there was evidence tending to show that the defendant used his influence with his mother to induce her to make the gift, in consideration of the promise by the plaintiff to allow and pay the counter-claims. But it does not appear that the plaintiff's mother was influenced by those considerations to make the gift.

The only question in the case is one of ownership of the note, to recover the amount of which the action is brought. It is either the property of the plaintiff or of the representatives of Sally Hunt, and the referee has settled that question by his findings.

The judgment should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, September 7, 1863. *Johnson, E. Darwin Smith* and *Welles,* Justices.]